UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

VERONICA LI,

    v.                                                **DECISION AND ORDER**
                                                             13-CV-908S

STATE UNIVERSITY OF NEW YORK, AT BUFFALO, SCHOOL OF MEDICINE AND BIOMEDICAL SERVICES; DR. FRED OCCHINO, Individually; DR. CHRISTOPHER OCCHINO, Individually; and DR. DAVID HOLMES, Individually,

                            <u>Defendants.</u>

        1.        Plaintiff commenced this employment discrimination in September 2013. The Complaint asserts five causes of action: (1) a claim against all Defendants pursuant to 42 U.S.C. § 1983 for discrimination in violation of the Equal Protection Clause; (2) a claim of discrimination against Dr. Fred Occhino in violation of 42 U.S.C. § 1981; (3) retaliation in violation of § 1981 against all individually named Defendants; (4) breach of implied contract as against Defendants State University of New York at Buffalo, School of Medicine and Biomedical Services ("SUNY"); and (5) a claim against "Defendants" for discrimination in violation of New York State Human Rights Law. Although originally represented, Plaintiff has been proceeding *pro se* since her counsel's suspension from practice before this Court. (<u>See</u> Docket No. 9 (November 21, 2013 order granting counsel's request to withdraw.)

        2.        Just prior to the withdrawal of Plaintiff's counsel, motions to dismiss the Complaint were filed on behalf of Defendants State University of New York at Buffalo ("SUNY") and Dr. David Holmes. (Docket Nos. 6, 8.) Approximately three months passed

before Plaintiff herself was able to be located, at which time she was afforded an opportunity to find new counsel. No new counsel was obtained, and at an August 4, 2014 status conference, this Court directed that Plaintiff respond to Defendants' motions to dismiss by November 5, 2015. When no response was filed by that date, this Court ordered Plaintiff to show cause by December 22, 2014, why this case should not be dismissed for a failure to prosecute.[1] (Docket No. 25.)

3. Plaintiff filed an affidavit on December 29, 2014, which is limited to a repetition of the factual allegations in the Complaint. (Docket No. 26.) As Defendants argue, Plaintiff has therefore failed to oppose the legal arguments raised in the motions to dismiss. See generally Barmore v. Aidala, 419 F. Supp. 2d 193, 201 (N.D.N.Y. 2005) (failure to oppose motion to dismiss is deemed abandonment of that claim). In any event, both motions are meritorious. SUNY correctly states that it is not a "person" for the purpose of § 1983 liability, and the first claim must therefore be dismissed. See Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998). Further, all of Plaintiff's claims against SUNY are barred in federal court by the Eleventh Amendment. Dube v. State Univ. of N.Y., 900 F.2d 587, 594 (2d Cir. 1990); See Wang v. Office of Professional Med. Conduct, 354 F. App'x 459, 460 (2d Cir. 2009); Benbow v. State University of New York-New Paltz, No. 1:11-CV-0870, 2014 WL 1871863, *11 (N.D.N.Y. May 8, 2014).

4. Defendants are also correct that Plaintiff's allegations fail to support a conclusion that Dr. Holmes participated in improper retaliation against her in violation of

---

[1] This is the second time in this action that the Court has issued an order to show cause why the matter should not be dismissed for a failure to prosecute. (Docket No. 14.)

§ 1981. See Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010); Patterson v. County of Oneida, 375 F.3d 206, 229 (2d Cir. 2004). Plaintiff alleges that she "was subject to retaliation in the form of receiving a failing grade in her Family Medicine clerkship and her ultimate expulsion from medical school." (Compl. ¶ 85.) However, Plaintiff received the failing grade prior to meeting with Dr. Holmes, and she does not allege that he had any role in her subsequent expulsion. (Holmes Mem of Law at 5.) Nor is there any allegation that Dr. Holmes acted, or failed to act, as a result of discriminatory animus. See Fincher, 604 F.3d at 720.

5.  Finally, the Occhino Defendants neither answered the Complaint nor filed a motion to dismiss.[2] Plaintiff has not moved for an entry of default against these Defendants and, as Defendants note, there is no indication on this docket that they have in fact been served. Because no efforts have been made to pursue these claims for over a year despite the issuance of two orders to show cause, the Complaint is dismissed against these Defendants for failure to prosecute.

IT HEREBY IS ORDERED, that Defendants' motions to dismiss (Docket Nos. 6, 8) are GRANTED and the Complaint is dismissed as against SUNY and Dr. Holmes;

FURTHER, that Plaintiff's remaining claims against Defendants Fred and Christopher Occhino are dismissed for failure to prosecute;

---

[2]The Attorney General's Office has appeared on behalf of only SUNY and Defendant Holmes.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   January 23, 2015
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court